**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | |
|---|---|
| **KAREN JONES, Individually and on behalf of the wrongful death beneficiaries of Louis Nowell, deceased** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:06CV211LS** |
| **KUHLMAN CORPORATION, a Delaware Corporation; KUHLMAN ELECTRIC CORPORATION; BORGWARNER, INC.; MONSANTO COMPANY; SOLUTIA, INC.; PHARMACIA CORPORATION; PFIZER, INC.; FOUNTAIN CONSTRUCTION CO., INC.; VAUGHN CONSTRUCTION COMPANY, INC. and USRY ARCHITECTS, P.A.** | **DEFENDANTS** |

**CASE MANAGEMENT ORDER**

This Order can be modified only by order of the court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

IT IS HEREBY ORDERED:

**1.    Case Track.**

This case is assigned to a complex track.

**2.    Alternative Dispute Resolution.**

At the time this Case Management Order is offered, it does not appear that alternative dispute resolution techniques will be useful in this civil action. However, later in the proceeding, the court will entertain a motion by any party for mediation.

**3.    Trial by United States Magistrate Judge.**

The parties do not consent to trial by a United States Magistrate Judge.

**4.    Disclosures.**

A. *Plaintiff Disclosures*. Subject to each Plaintiff's right to withhold documents or other information on the basis of any privilege or the work product doctrine as set forth in Section 6.D.iv of this Order, within sixty days of the entry of this Order, the Plaintiffs shall produce to the Defendants the following specific information concerning each Plaintiff's and/or each decedent's personal background information, alleged exposure to PCB's or other chemicals, medical conditions, work history, personal injury claims, property claims, and blood or bodily tissue testing data:

   i. each Plaintiff's and/or each decedent's full name, including any alias, address, social security number and the capacity in which each Plaintiff has sued;

   ii. if applicable, each wrongful death beneficiary's full name, including any alias, address, social security number, and relationship to the decedent;

   iii. each chemical, including PCB's, to which exposure is alleged and for which the Plaintiff seeks damages and the dates, circumstances and manner of alleged exposure to such chemicals;

   iv. all current and prior addresses at which an alleged exposure to PCB's or other chemicals is alleged and the years each Plaintiff and/or decedent resided at each address;

   v. complete employment history, including employment at Kuhlman, if any;

   vi. the nature of any property damage claims;

   vii. the medical conditions of each Plaintiff and/or each decedent and the medical conditions that the Plaintiff attributes to exposure to PCB's or other chemicals together with a sworn affidavit from a qualified expert stating that the medical condition(s) (and/or death, if applicable) was proximately caused by exposure to PCB's or other chemicals and setting forth the scientific and medical basis for the statement;

   viii. the name and address of each physician, hospital or other medical provider with whom the Plaintiff and/or decedent has sought medical care or treatment within the last ten (10) years preceding the Complaint or the decedent's death;

        ix.    an executed medical authorization in compliance with the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 164.501 ("HIPAA"), for each Plaintiff and/or decedent;

        x.    the results of, and all data and other documents relating to, tests for the presence of PCB's or other chemicals in the blood or bodily tissues of each Plaintiff and/or decedent; and

        xi.    the results of, and all data and other documents relating to, all tests conducted by or on behalf of the Plaintiffs and/or the decedent for the presence of PCB's or other chemicals on the property of each Plaintiff and/or each decedent, the Kuhlman facility and/or any other property from which each Plaintiff claims exposure.

All Plaintiff-specific discovery shall be stayed until the deadline for the Plaintiffs to complete the disclosures required by this section.

B.    *Defendant Disclosures*.  Subject to Section 5 and subject to each Defendant's right to withhold documents or other information on the basis of any privilege or the work product doctrine as set forth in Section 6.D. iv. of this Order, within 90 days of the entry of this Order, Defendants shall produce:

        i.    All employment records and personnel files for each Plaintiff and/or decedent who has worked at the Kuhlman facility;

        ii.    the results of, and all data and other documents relating to, all tests conducted by or on behalf of the Defendants for the presence of PCB's or other chemicals on the grounds of or around the Kuhlman facility; and

        iii.    all sales records for any PCB-containing products sold or shipped to the Kuhlman facility.

5.    **Early Filing of Motions.**

Within 30 days of the expiration of the Plaintiff's deadline to make the disclosures specified in Section 4.A., the Defendant may file a motion for summary judgment if the Plaintiffs fail to produce evidence that they and/or the decedent have or had detectible levels of PCB's in their bodily systems or the Plaintiff's required disclosures are otherwise insufficient to maintain a claim under Fed. R. Civ. P. 56. The filing of such a summary judgment motion will toll the Defendants' disclosure requirements of Section 4.B. and will toll any further discovery obligations in this matter.

Upon a final adjudication of any summary judgment motions filed in compliance with this Section, the court will enter a revised Case Management Order setting forth the appropriate scheduling deadlines in this matter. In the alternative, if the Defendants do not file a summary judgment motion as contemplated by this Section, the Court will enter a revised Case Management Order setting forth the appropriate scheduling deadlines after the parties have complied with the mandatory disclosures required by this Order.

**6.     Discovery Provisions and Limitations.**

    A.  *Approval of Expedited Discovery.* Permission to take expedited discovery of a Plaintiff or any other material witness is granted if all of the following conditions are present:

        i.  the Plaintiff or other material witness is terminally ill or is unlikely to be available to testify at trial due to advancing age or health; and

        ii.  the Plaintiff, if applicable, has completed the Plaintiff Disclosures.

    B.  *Initial Disclosures.* In light of the discovery and disclosure plan set forth herein, the parties are relieved of the responsibility of providing initial disclosures under Rule 26(a)(1).

    C.  *Confidentiality Order.* The parties shall negotiate and submit to the Magistrate an Agreed Confidentiality Order that adheres to the requirements of Uniform Local Rule 83.6 within 30 days of the entry of this Order.

    D.  *Documents.*

        i.  *Numbering System.* Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation. All identical copies of the same document should ordinarily be assigned the same identification number.

        ii.  *Rolling Production.* The parties must produce documents to which they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a request have been gathered. The parties must meet and confer regarding scheduling for the orderly production of different categories of documents.

        iii.  *Avoidance of Multiple Requests and Coordination of Document Production with Other Courts.* Counsel shall, to the extent possible,

                coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests to the same party in this proceeding or in similar proceedings in this court or in other courts.

        iv.    *Privilege*. A party who, relying on any privilege or on the work product doctrine, does not produce all relevant or requested documents in response to this Order, a request for production of documents or a subpoena must state that it is invoking a privilege and must specify the privilege or doctrine it is invoking. Within ten (10) days thereafter, the party shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) relating to any documents withheld on the basis of a privilege. Any party who contests a claim of privilege and seeks the production of documents withheld pursuant to this Section shall file a motion to compel.

E.    *General Limitations*. Without leave of court, each Defendant shall not serve more than 30 interrogatories, 30 requests for production or inspection, or 30 requests for admission, including subparts, to each Plaintiff or any other Defendant. Without leave of court, the Plaintiffs shall not serve more than 30 interrogatories, 30 requests for production or inspection, or 30 requests for admission, including subparts, to each Defendant.

F.    *Discovery Requests and Responses*. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the court except when ordered by the court or to the extent offered in connection with a motion. Service by electronic mail to all counsel registered with the CM/ECF system shall be sufficient service for all discovery requests, discovery responses and other documents not filed with the court.

IT IS SO ORDERED, this the 1st day of September, 2006.

                                              S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE